UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **RUBY MAE SIMON CONSTANCE, ET AL** | : | **CIVIL ACTION NO. 12-cv-01252** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **AUSTRAL OIL EXPLORATION CO., INC., ET AL** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the court is plaintiffs' Motion to Remand and removing defendants' Motion to Amend Notice of Removal.  Docs. 21, 31.  For the reasons that follow, the Motion to Amend is GRANTED, and the Motion to Remand is DENIED.

### *Background*

Plaintiffs filed this suit in the 38th Judicial District Court, Cameron Parish, Louisiana, on April 11, 2012.  The petition alleges that various tracts of property owned by plaintiffs were damaged as a result of defendants' oil and gas exploration and production activities.  Doc. 3, Att. 2.

Defendants Williams Exploration Company, ExxonMobil Oil Corporation, and Diasu Oil & Gas Company, Inc. removed the action to this court on May 16, 2012.  They allege that this court has subject matter jurisdiction based on diversity.  Doc. 1, p. 2.  Defendants recognize that there is an absence of complete diversity between plaintiffs and at least one defendant; however, they ask this court to find that removal was nonetheless proper because the non-diverse defendant is nonexistent, arguing the court should ignore the citizenship of any nonexistent defendants for jurisdictional purposes.  Doc. 1, p. 4.

Plaintiffs filed a Motion to Remand with this court on June 15, 2012, claiming the removal process was defective. Doc. 21. Plaintiffs submit that the removing defendants failed to allege that there was diversity both at the time the case was removed and at the time the case was filed. They argue that this failure mandates remand. Doc. 21, Att. 1, pp. 10–13; Doc. 38, pp. 11–12.

Defendants defend their removal process as sufficient. Docs. 30, 31, 34. In the alternative, defendants filed a Motion to Amend [the] Notice of Removal on July 20, 2012, asking the court to permit defendants to cure any deficiencies by amendment. Doc. 33.

*Law and Analysis*

Any civil action brought in a state court of which the district courts have original jurisdiction may be removed to the proper district court. 28 U.S.C. § 1441(a). Removing parties bear the burden of showing that removal was proper and that federal jurisdiction exists. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

Defendants' Notice of Removal must satisfy the procedural requirements for removal. *See* 28 U.S.C. § 1446(a). Any procedural defects may provide a basis for remand provided the defects cannot be cured by amendment. *See* 28 U.S.C. §§ 1447(c), 1653.

Defendants assert that this court has jurisdiction based on diversity of citizenship. District courts have original jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a)(1). Remand is appropriate if either of these requirements is not satisfied.

The court will address the procedural and jurisdiction considerations in turn.

**(1) Procedural Analysis**

Defendants must comply with a number of procedural requirements in order to properly removal a case to federal court. *See* 28 U.S.C. § 1446. A non-removing party may object to any

procedural defects within thirty days of the defective removal. 28 U.S.C. § 1447(c). The Fifth Circuit has held that a "procedural defect" is "any defect that does not go to the question of whether the case originally could have been brought in federal district court." *In re Allstate Co.*, 8 F.3d 219, 221 (5th Cir. 1993) (quoting *Baris v. Sulpicio Lines*, 932 F.2d 1540, 1540 (5th Cir. 1991).

Plaintiffs submit that the removing defendants failed to allege in the Notice of Removal that there was diversity both at the time the case was removed and at the time the case was filed. They maintain that it was not enough for defendants to speak in the *present tense* about corporate citizenship; defendants were also required to speak in the *past tense* as well.

When a case is removed to federal court on the basis of diversity jurisdiction, "diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court." *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996). As such, defendants were required to "allege diversity both at the time of the filing of the suit in state court and at the time of removal." *In re Allstate Co.*, 8 F.3d at 221 (citations and internal quotation marks omitted).

The Fifth Circuit in *In re Allstate Co.* held that a removing defendant's "failure to allege, in its notice of removal, the plaintiff's citizenship at the time the original petition was filed constitutes a procedural, rather than jurisdictional, defect[.]" *Id.* The court agrees with plaintiffs that the Notice of Removal was procedurally defective insofar as it failed to allege the domicile of the defendants at both the time of removal and the time of filing.

This procedural defect alone, however, does not mandate a remand of the case. Defendants have moved that this court permit an amendment to the Notice of Removal. Doc. 31. Remand is proper only to the extent that an amendment is not permitted or an amendment is inappropriate given the circumstances of the case.

Defendants argue that 28 U.S.C. § 1653 allows them to amend their pleading to cure the pleading defect. Section 1653 provides: "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." This provision "is to be broadly construed to avoid dismissals of actions on purely 'technical' or 'formal' grounds." *Whitmire v. Victus Ltd.*, 212 F.3d 885, 887 (5th Cir. 2000). An amendment is permissible where an "original petition for removal . . . fail[s] to specifically allege the citizenship of the parties at the time the suit was brought and at the time the removal petition was filed."[1] *D.J. McDuffie, Inc. v. Old Reliable Fire Ins. Co.*, 608 F.2d 145, 146 (5th Cir. 1979). Section 1653, however, "is not to be used to create jurisdiction retroactively where it did not previously exist." *Aetna Casualty & Surety Co. v. Hillman*, 796 F.2d 770, 775 (5th Cir. 1986) (citations omitted).

Plaintiffs contend that defendants' proposed amendment is improper in this case because allegations of complete diversity at the time suit was filed were nonexistent rather than defective. Doc. 39, pp. 4–5. This contention is without merit insofar as this court is permitted to review the entirety of the record when determining whether subject matter jurisdiction exists. *Baccus v. Parrish*, 45 F.3d 958, 960–61 (5th Cir. 1995); *Villarreal v. Brown Exp., Inc.*, 529 F.2d 1219, 1221 (5th Cir. 1976); 14C Fed. Prac. & Proc. Juris. § 3734 (4th ed.).

Plaintiffs' state court petition is attached as an exhibit to the Notice of Removal. Doc. 1, Att. 18. Plaintiffs allege therein that each of the defendants, except for Austral, is a foreign corporation doing business in the State of Louisiana. Doc. 1, Att. 18, pp. 3–4. These are clearly allegations regarding the existence of diversity at the time suit was filed.

---

[1] Plaintiffs maintain that the *McDuffie* decision is not the "panacea" defendants suggest. Doc. 38, p. 12. However, the most reasonable interpretation of the decision is that plaintiffs failed to double-plead jurisdiction. Plaintiffs suggest that *McDuffie* is limited to situations where the matter has already been adjudicated on its merits. However, such a limitation is unfounded as the *McDuffie* district court—not the appellate court—originally denied the motion to remand and permitted an amendment. 608 F.2d at 146.

Plaintiffs counter that the state court petition fails to mention defendants' principal places of business. Doc. 21, Att. 1, p. 13. However, the petition unquestionably contains jurisdictional allegations insofar as it expresses where defendants are *not* domiciled because they are foreign to the State of Louisiana. While these allegations are phrased in the negative and are defective in their own right, they too are curable by the amendments defendants have proposed. *See Am. Motorists Ins. Co. v. Am. Employers' Ins. Co.*, 600 F.2d 15, 16 (5th Cir. 1979) (*per curiam*) (amendment permissible on remand where "the plaintiffs' complaint simply alleged that [the defendants] were 'foreign corporations' which were 'licensed to do business and doing business in Louisiana'").

Plaintiffs also argue that any amendment to the notice of removal should be denied as untimely and they cite a number of cases in support of this proposition. Doc. 21, Att. 1, pp. 13–17; Doc. 39, pp. 5–8. The cases relied upon by plaintiffs are clearly distinguishable from the instant case in that, in each case, the court specifically noted that neither the petition of removal *nor the record* revealed the required domiciliary information of the defendants at the time the case was filed.[2]

---

[2] *Browne v. Hartford Fire Ins. Co.*, 168 F.Supp. 796, 799 (D.C. Ill. 1959) ("Here, since the principal place of business of the defendant corporations is not set out in the petition or the pleadings, there is no allegation of diversity of citizenship as required. . . ."); *Garza v. Midland Nat. Ins. Co.*, 256 F.Supp. 12, 14 (S.D. Fla. 1966) ("Thus, the principal issue is: Can a petition for removal be amended, with permission of the Court after the thirty days for removal have passed, to allege that diversity existed at the time of the suit when no such allegation was in the original petition and the supporting papers."); *Hubbard v. Tripp*, 611 F.Supp. 895, 896 (E.D. Va. 1985) ("Neither the complaint filed in State court nor the petition filed in this Court specifies the citizenship of either defendant or plaintiff as of the time of filing of the complaint (motion for judgment) in the State court."); *Burns v. G.S. Nelson Elec.*, Civ. A. No. 91-2335, 1991 WL 77588, *1 (E.D. Pa., May 6, 1991) ("Satisfaction of this dual requirement must appear in the record. Here, the notice of removal does not state the citizenship of the parties at the time the action was filed, and it is not disclosed in the complaint." (internal citations omitted)); *Barnhill v. Ins. Co. of N.A.*, 130 F.R.D. 46, 49 (D. S.C. 1990) ("In short, neither the complaint, the notice of removal, nor any other material in the record alleges INA's state of incorporation. Perhaps most important, the record also fails to adequately demonstrate the diversity of INA's principal place of business.").

The court finds that removing defendants' Notice of Removal was procedurally defective because it failed to allege the domicile of defendants at the time the case was filed in the affirmative; however, the court grants removing defendants' Motion to Amend Notice of Removal to cure the procedural defects.

**(2) Jurisdictional Analysis**

Defendants assert in their Notice of Removal that this court has jurisdiction on the basis of diversity. District courts have original jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a)(1). This court finds that it has subject matter jurisdiction as both complete diversity and the amount in controversy requirements are satisfied.[3]

The removing defendants must demonstrate by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000). There is no apparent dispute between the parties as to whether the jurisdictional amount in controversy is satisfied. In any event, it is facially obvious from plaintiffs' original petition that the claim for damages satisfies the requisite jurisdictional amount. *See* Doc. 1, Att. 18, pp. 17–18; *see also Lucket v. Delta Airlines*, 171 F.3d 295, 298 (5th Cir. 1999).

The diversity provisions of 28 U.S.C. § 1332(a)(1) requires complete diversity among the parties. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). The court finds that complete diversity exists.

---

[3] Plaintiffs did not allege in their Motion to Remand that this court lacks subject matter jurisdiction. However, we raise the issue *sua sponte*. *See e.g. Chaisson v. Karl Storz Endoscopy-America, Inc.*, 68 F.3d 472 (5th Cir. 1995).

Named as plaintiffs are thirteen (13) individuals and a trust which are collectively domiciled in Louisiana and North Carolina.[4] Named as defendants are eight (8) corporations. For purposes of diversity jurisdiction, a corporation is domiciled where it is incorporated and where the company maintains its principal place of business. 28 U.S.C. § 1332(c)(1)  Seven (7) of the defendants are collectively domiciled in Delaware, Texas, Oklahoma, and New York.[5]

Plaintiffs' state court petition identifies defendant Austral Oil Exploration Company, Inc. as a Louisiana corporation.  Doc. 1, Att. 18, p. 3.  The existence of a Louisiana defendant would destroy complete diversity; however, Austral Oil Exploration Company, Inc., was a Delaware corporation that was dissolved effective April 12, 1978.  Doc. 1, Att. 7, p. 2.  Plaintiffs served or attempted to serve process on "Austral Oil & Exploration Company, Inc.," a Louisiana corporation formed in 1992 but this company is not the same entity that operated the wells identified by plaintiffs in their petition.[6]  Thus, the domicile of defendant Austral Oil Exploration Company, Inc. is ignored for purposes of determining diversity.  Moreover, the court will issue a

---

[4]Plaintiffs Ruby Mae Simon Constance, Robert Joseph Constance, Sheila Constance Miller, Chad Constance, Georgia Authement Constance, Roxanne Constance Stelly, Gene Allen Constance, Benji Constance Duhon, Jackson Constance, John Theodore Constance, Rose Ann Constance Burch, and Mae Doris Constance Little are all citizens of the State of Louisiana. Doc. 1, p. 2; Doc. 1, Att. 18, pp. 1–2. Plaintiff Debora Constance Dixon is a citizen of the State of North Carolina. Doc. 1, p. 3; Doc. 1, Att. 18, p. 1. Plaintiff "The Georgia Authement Constance Revocable Living Trust" is a Louisiana inter vivos trust in which Georgia Authement Constance is the settlor, trustee, and beneficiary. She is a citizen of the State of Louisiana. Doc. 1, p. 2–3; Doc. 1, Att. 18, p. 1.

[5]Defendant Tidewater Oil Company was succeeded by merger with TMR Company which is a Delaware corporation with its principal place of business in Texas. Doc. 1, p. 3. Defendant Williams Exploration Company is a Delaware corporation with its principal place of business in Oklahoma. Doc. 1, p. 3. Defendant BEEM Oil and Gas Company is a Texas corporation with its principal place of business in Texas. Doc. 1, p. 3. Defendant Magnolia Petroleum Company was succeeded by merger with ExxonMobil Corporation which is a New York corporation with its principal place of business in Texas. Doc. 1, p. 3. Defendant Wainoco Oil & Gas Company is a Delaware corporation with its principal place of business in Texas. Doc. 1, p. 3. Defendant Diasu Oil & Gas Company, Inc. is a Texas corporation with its principal place of business in Texas. Doc. 1, p. 3. McCormick Operating Company was a Delaware corporation with its principal place of business in the state of Texas. Doc. 1, Att. 4, p. 10. The court notes, however, that the company was dissolved effective December 3, 1984. Doc. 1, Att. 5, p. 2.

[6]*Compare* "Austral Oil & Exploration, Inc..," Louisiana Secretary of State, Search Corporations Database, http://coraweb.sos.la.gov/commercialsearch/CommercialSearchDetails_Print.aspx?CharterID=389469_KHH62 (last visited February 6, 2013), *with* Doc. 1, Atts. 8–13.

concurrent Report and Recommendation that defendant Austral Oil Exploration Company, Inc. be dismissed from the case.

### *Conclusion*

This court has jurisdiction over the case in accordance with 28 U.S.C. § 1332(a)(1). Moreover, the court concludes that the alleged deficiencies in the Notice of Removal were procedural defects to the removal process, but that these deficiencies were curable by amendment. Thus, Plaintiffs' Motion to Remand is DENIED, and Defendants' Motion to Amend is GRANTED.

THUS DONE this 6th day of February, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE